UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HEATHER MAE THOMAS,

    Plaintiff,

v.        No. 1:24-cv-00410-GJF

JUDGES AND ALL COURT OFFICIALS OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO, and
JUDGES AND ALL COURT OFFICIALS OF
NEW MEXICO BERNALILLO COUNTY,

    Defendants.

## ORDER TO CURE DEFICIENCY AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 30, 2024 ("Complaint") and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed April 30, 2024 ("Short Form Application").

**Order to Cure Deficiency**

Plaintiff filed an Application to proceed without prepaying fees using the Short Form Application.  The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees.  The Court requires plaintiffs seeking to proceed without prepaying fees to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application").  Failure to file a Long Form Application within twenty-one (21) days from entry of this order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed without prepayment of fees.

**Order to Show Cause**

Plaintiff alleges "[t]he courts have been put on notice of violations under the color of law 18 USC 241 & 242 against my offspring," "officers . . . continue to violate our constitutional rights" and "I have been incarcerated for trying to get the judges attention in this matter and held with no bond and false accusations."  Complaint at 1-2.

The Complaint fails to state claims pursuant to 42 U.S.C. § 1983 against the unidentified Judges and court officials because it does not describe what *each* Judge and court official did to Plaintiff and what specific legal right Plaintiff believes *each* Judge and court official violated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim.  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint that identifies *each* Judge and court official against whom Plaintiff is asserting claims and explains what *each* Defendant did to Plaintiff, when *each* Defendant did it, how *each* defendant's action harmed Plaintiff and what specific legal right Plaintiff believes *each* Defendant violated.  Plaintiff cannot assert claims on behalf of her daughter because Plaintiff is not an attorney licensed to practice in this Court.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others").

Furthermore, the Judges and officials for the United States District Court for the District of New Mexico are not subject to claims pursuant to 42 U.S.C. § 1983 because they are not state

actors. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law").  If Plaintiff asserts claims against the Judges and officials of this Court in her amended complaint, she must set forth the legal basis for asserting those claims.  *See Van Sickle v. Holloway*, 791 F.2d 1431, 1435-36 (10th Cir. 1986) (Federal judges "are immune from civil liability when they act within their jurisdiction"); *Egbert v. Boule,* 596 U.S. 482, 491-93 (2022) (recognizing that *Bivens* applies in limited cases against federal officials, stating that "recognizing a cause of action under *Bivens* is a disfavored judicial activity," and setting forth a two-step analysis to determine whether courts should provide a damages remedy pursuant to *Bivens*).

**Attachments**

Plaintiff attached several documents to her Complaint.  The Court will not review the attachments to a complaint to determine whether Plaintiff can state a claim upon which relief can be granted.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant."). Any information in the attachments that form a basis for Plaintiff's claims must be set forth in allegations in an amended complaint.  The Court may consider the documents attached to the Complaint or amended complaint at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local*

*Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Failure to timely file a Long Form Application may result in denial of Plaintiff's Application to proceed without prepaying fees.

(ii) The Clerk shall send to Plaintiff a copy of this order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

(iii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (ii) file an amended complaint.  Failure to timely comply with this Order may result in dismissal of this case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE